CADES SCHUTTE LLP
A Limited Liability Law Partnership

MILTON M. YASUNAGA    3058-0
MARTIN E. HSIA        2954-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
Facsimile: (808) 521-9210
E-mail: mhisa@cades.com

Attorneys for Plaintiff
TRADE WEST, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRADE WEST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NINGBO JASON CHRISTMAS DECORATION CO., LTD.; JASON GAN; DOES DEFENDANTS 1-5,<br><br>Defendants. | CIVIL NO. 04-00152 HG-LEK<br><br>**JUDGMENT AND PERMANENT INJUNCTION**<br><br><br><br>Trial Judge: Hon. Helen Gillmor |

**JUDGMENT AND PERMANENT INJUNCTION**

WHEREAS, on March 4, 2004, Plaintiff TRADE WEST, INC. ("Trade West" or "Plaintiff") commenced this action for trademark and copyright infringement by filing its Complaint and an Ex Parte Motion for Temporary

Restraining Order, Seizure Order, Expedited Discovery, Secrecy Order, and Consolidation of Hearings (the "TRO Motion");

WHEREAS, on March 5, 2004, the Court entered an order granting Plaintiff's TRO Motion (the "Ex Parte Order");

WHEREAS, on March 9, 2004, Plaintiff duly served Defendants with the Complaint, Summons, TRO Motion, and the Ex Parte Order;

WHEREAS, on March 17, 2004, the Court entered a Preliminary Injunction in favor of Plaintiff, restraining Defendants from, among other things, using certain trademarks or falsely indicating that Defendants' goods are, in any manner, sponsored by or affiliated with Plaintiff;

WHEREAS, on May 18, 2004, the Clerk of the Court entered a default against both Defendants pursuant to FRCP Rule 55(a) for failure to answer or otherwise defend against the lawsuit;

WHEREAS, on October 20, 2004, Plaintiff duly served Defendants with the Preliminary Injunction;

WHEREAS, on August 11, 2005, Plaintiff filed its Motion for Contempt Order and for Default Judgment (the "Default Judgment Motion");

WHEREAS, on August 16, 2005, Plaintiff duly served Defendants with the Default Judgment Motion;

WHEREAS, on October 3, 2006, Plaintiff's Default Judgment Motion came on for hearing before the Honorable Helen Gillmor;

WHEREAS, on November 23, 2005, the Court entered its Order Granting Plaintiff's Motion For Contempt Order And For Default Judgment, Entering Permanent Injunction Against Defendants, And Awarding Statutory Damages, Costs, And Attorneys' Fees;

IT IS ORDERED, ADJUDGED, AND DECREED, pursuant to Rule 58, FRCP, as follows:

1.   Plaintiff is the owner of United States Trademark Registration No. 2,479,246 for the HIBISCUS AND FERN DESIGN trademark, which consists of a three dimensional artificial hibiscus and a three dimensional artificial fern, attached to some of Trade West, Inc.'s products. Plaintiff is also the owner of United States Trademark Registration No. 1,193,242 for the mark ALOHA HAWAII LEI, which is printed on labels attached to some of Trade West, Inc.'s products. Plaintiff is also the owner of copyrights to certain catalogs depicting Trade West, Inc.'s goods, under copyright registration numbers VA 1-229-059 and VA-229-060.

2.   Defendants have manufactured and sold artificial flower leis that infringe on Trade West, Inc.'s HIBISCUS AND FERN DESIGN and ALOHA HAWAII LEI trademarks.

3.     The actions of Defendants constitute trademark infringement, copyright infringement, trademark counterfeiting, false designation of origin, trademark dilution, unfair competition, deceptive trade practices, under the laws of the United States and under the laws of the State of Hawaii, causing irreparable harm to Plaintiff, including but not limited to injury to goodwill and business reputation, and the likelihood of confusion to the public, and further such irreparable harm and confusion would result if such activity were to continue.

4.     Plaintiff Trade West Inc.'s Motion for Contempt Order and for Default Judgment is **GRANTED**;

5.     Plaintiff Trade West, Inc. is awarded $1,000,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(c);

6.     Plaintiff Trade West, Inc.'s previously posted surety bond in the amount of twenty-five thousand dollars ($25,000) is **VACATED**;

7.     Defendants Ningbo Jason Christmas Decoration Co., Ltd., Jason Gan, and their officers, agents, subsidiaries, servants, employees, attorneys, confederates, and all other persons in active concert or participation with one or more of Defendants who receive actual notice of this Judgment are hereby PERMANENTLY ENJOINED and restrained from engaging in the following activities (or assisting or inducing others to do so):

a. from using any of the marks HIBISCUS AND FERN DESIGN and ALOHA HAWAII LEI or any reproduction, counterfeit, copy, or colorable imitation of said marks in connection with the manufacturing, distributing, advertising, offering for sale, or sale of artificial flower leis not manufactured, authorized, or distributed by Trade West, Inc.

b. from using any of the marks HIBISCUS AND FERN DESIGN and ALOHA HAWAII LEI or any reproduction, counterfeit, copy, or colorable imitation of said marks in any manner likely to cause confusion, to cause mistake, or to deceive;

c. from passing off, inducing, or enabling others to sell or pass off any artificial leis which are not entirely Trade West, Inc. products as and for Trade West, Inc. products;

d. from committing any acts calculated to cause purchasers to believe that Defendants' products are Trade West, Inc. products, unless they are Trade West, Inc. products;

e. from possessing, advertising, receiving, shipping, delivering, distributing, holding for sale, returning, offering to sell or otherwise disposing of in any manner, artificial leis falsely bearing any of the marks HIBISCUS AND FERN DESIGN and ALOHA

HAWAII LEI, or any reproduction, counterfeit, copy or colorable imitation of said marks, or which bear said marks and were imported into the United States without authorization from Trade West, Inc.; and

f. from destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, catalogs, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale or distribution of any merchandise falsely bearing any of the marks HIBISCUS AND FERN DESIGN and ALOHA HAWAII LEI.

8. Defendants are further ordered to:

a. destroy any and all goods, catalogs, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in the possession of Defendants, or under Defendants' control, falsely bearing any of the marks HIBISCUS AND FERN DESIGN and ALOHA HAWAII LEI or any reproduction, counterfeit, copy, or colorable imitation of said marks;

b. destroy any and all reproductions, counterfeits, copies or colorable imitations of Trade West, Inc.'s Copyrighted Catalogs;

c. deliver to Trade West, Inc. for impoundment all sales and customer journals, catalogs, notebooks, bank records, documents, and recordings of any type whatsoever concerning Trade West, Inc.'s marks and/or Copyrighted Catalogs;

d. deliver to Trade West, Inc. a complete list of entities from whom Defendants purchased, and to whom Defendants distributed or sold, products falsely bearing the HIBISCUS AND FERN DESIGN mark, the ALOHA HAWAII LEI mark, and/or the Copyrighted Catalogs, or any reproduction, counterfeit, copy, or colorable imitation of said marks or copyrights;

e. send written notice to each person or entity who has received from Defendants, or their respective agents, representatives, employees or servants, any artificial flower leis or artificial flowers or materials that infringe on Trade West's marks and/or the Copyrighted Catalogs. The notice shall: (1) request each such recipient to return all such items to Defendants; and (2) advise each such recipient that each such item is in violation of Trade

West's rights to Trade West's marks and the Copyrighted Catalogs.

9. This Court shall have continuing jurisdiction to enforce this Judgment and Permanent Injunction.

10. This judgment disposes of all claims and all parties.

11. Personal service of a copy of the Judgment and Permanent Injunction shall be deemed sufficient notice under Rule 65 of the Federal Rules of Civil Procedure. It shall not be necessary for Defendants to sign any form of acknowledgment of service.

DATED:   Honolulu, Hawaii, _12-6-05_.

HELEN GILLMOR

_____
UNITED STATES DISTRICT COURT JUDGE

===========================================================

TRADE WEST, INC. v. NINGBO JASON CHRISTMAS DECORATION CO., LTD., et al.; Civil No. 04-00152 HG-LEK; United States District Court; State of Hawaii; JUDGMENT AND PERMANENT INJUNCTION

ImanageDB:622920.1